UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTON KING,<br><br>    Plaintiff,<br><br>    vs.<br><br>VALLEY STATE PRISON, et al.,<br><br>    Defendants. | 1:20-cv-00024-DAD-GSA-PC<br><br>**NOTICE AND WARNING OF REQUIREMENTS FOR OPPOSING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**(ECF No. 22.)** |

Plaintiff Alton King is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds with Plaintiff's First Amended Complaint filed on February 13, 2020, against defendants Warden Raythel Fisher, Jr. and Culinary Staff Member Moosebaur for alleged violations of the RLUIPA, alleged violations of the First Amendment Free Exercise Clause; and against defendant Warden Raythel Fisher, Jr. for alleged adverse conditions of confinement in violation of the Eighth Amendment, and for alleged failure to protect plaintiff in violation of the Eighth Amendment.[1]  (ECF No. 6.)

On January 14, 2022, Defendants Fisher and Moosebaur filed a motion for summary judgment on the grounds that Plaintiff failed to exhaust his administrative claims against Defendants as required by the Prison Litigation Reform Act.  (ECF No. 22.)

---

[1] On July 28, 2021, the court issued an order dismissing all other claims and defendants, based on Plaintiff's failure to state a claim.  (ECF No. 15.)

1

In the Ninth Circuit when the plaintiff is a prisoner proceeding *pro se* in a civil rights case, and a defendant files a motion for summary judgment or a motion to dismiss for failure to exhaust administrative remedies, the defendant or the court is required to provide plaintiff with a Notice and Warning informing the plaintiff of his or her rights and responsibilities in opposing the motion.  Woods v. Carey, 684 F.3d 934 (9th Cir. 2012).  The Court shall, by this order, provide Plaintiff with the Notice and Warning.

**NOTICE AND WARNING OF REQUIREMENTS FOR OPPOSING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

*RAND* **WARNING**

**The Defendants have filed a motion for summary judgment by which they seek to dispose of your case.  This motion for summary judgment will, if granted, end your case.**

**In the event, such as here, that Defendants argue that you failed to exhaust available administrative remedies under 42 U.S.C. § 1997e(a), a motion for summary judgment will, if granted, end your case, albeit without prejudice.  To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court.  Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents - documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein.**

**In considering a motion for summary judgment for failure to exhaust, the judge may hold a preliminary proceeding and decide disputed**

issues of fact with regard to this portion of the case. **Albino v. Baca**, 747 F.3d 1162, 1168 (9th Cir. 2014).

(The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. **Woods**, 684 F.3d at 935.)

IT IS SO ORDERED.

Dated: **January 18, 2022**              /s/ Gary S. Austin
                                        UNITED STATES MAGISTRATE JUDGE