UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTON KING,<br><br>        Plaintiff,<br><br>    vs.<br><br>VALLEY STATE PRISON, et al.,<br><br>        Defendants. | **1:20-cv-00024-DAD-GSA-PC**<br><br>**ORDER DISREGARDING PLAINTIFF'S REPLY TO DEFENDANTS' ANSWER (ECF No. 29.)**<br><br>**ORDER STRIKING PLAINTIFF'S INTERROGATORIES AS IMPROPERLY FILED** |

**I.  PROCEDURAL HISTORY**

Plaintiff Alton King is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on January 7, 2020.  (ECF No. 1.)  This case now proceeds with Plaintiff's First Amended Complaint, filed on February 13, 2020, against defendants Raythel Fisher, Jr. (Warden), and Moosebaur (Culinary Staff Member) for alleged violations of the RLUIPA and alleged violations of the First Amendment Free Exercise Clause; and against defendant Warden Raythel Fisher, Jr. for alleged adverse conditions of confinement and alleged failure to protect plaintiff, in violation of the Eighth Amendment.  (ECF No. 6.)

On September 27, 2021, Defendants filed an Answer to the First Amended Complaint.  (ECF No. 20.)  On December 14, 2021, the Court issued a Discovery and Scheduling Order opening discovery and setting out pretrial deadlines for the parties.  (ECF No. 21.)

1

      On January 14, 2022, Defendants Fisher and Moosebaur filed a motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies before filing suit. (ECF No. 22.) On March 8, 2022, Plaintiff filed an opposition to the motion. (ECF No. 27.) On March 22, 2022, Defendants filed a reply to the opposition. (ECF No. 30.)

      On January 14, 2022, Plaintiff filed a demand for jury trial, a reply to the Answer, and a request for Defendants to respond to Plaintiff's interrogatories. (ECF No. 29.) Defendants have not filed an opposition. Plaintiff's reply to the Answer and request for responses to interrogatories are now before the Court. L.R. 230(*l*).

## II.    PLAINTIFF'S REPLY TO DEFENDANTS' ANSWER

      Plaintiff has filed a reply to Defendants' Answer. The Federal Rules of Civil Procedure contemplate a reply to the answer only when ordered by the court. Fed. R. Civ. P. 12(a)(1)(C). Since Plaintiff was not ordered to reply to the Answer, his reply will be disregarded.

      With respect to Plaintiff's objections to Defendants' affirmative defenses in the Answer, a defectively pled affirmative defense can be stricken under Federal Rule of Civil Procedure 12(f), which authorizes the removal of "an insufficient defense." Fed. R. Civ. P. 12(f). However, motions to strike such defenses are "regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." Brooks v. Bevmo! Inc., et al., No. 20-CV-01216-MCE-DB, 2021 WL 3602152, at *1 (E.D. Cal. Aug. 13, 2021) (quoting Dodson v. Gold Country Foods, Inc., No. 2:13-cv-00336-TLN-DAD, 2013 WL 5970410 at * 1 (E.D. Cal. Nov. 4, 2013), citing Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003)). "Accordingly, courts often require a showing of prejudice by the moving party before granting the requested relief." Id. (quoting Vogel v. Linden Optometry APC, No. CV 13–00295 GAF (SHx), 2013 WL 1831686 at * 2 (C.D. Cal. Apr. 30, 2013), citing Quintana v. Baca, 233 F.R.D. 562, 564 (C.D. Cal. 2005)). Where no such prejudice is demonstrated, motions to strike may therefore be denied "even though the offending matter was literally within one or more of the categories set forth in Rule 12(f)." Id. (quoting N.Y.C. Emps.' Ret. Sys. v. Berry, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009)). Ultimately, "whether to grant a motion to strike lies within the sound discretion of the district court." Id. (quoting

California Dep't of Toxic Substances Control v. Alco Pac., Inc., 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002)).

In this case, Plaintiff has not shown that he would actually be prejudiced by the inclusion of any of Defendants' affirmative defenses.  Therefore, to the extent that Plaintiff seeks to strike any of the affirmative defenses, his request is denied.

### III. PLAINTIFF'S INTERROGATORIES

Plaintiff has filed twelve interrogatories directed to Defendants.  (ECF No. 29 at 2-8.) The interrogatories shall be stricken from the record for the following reasons.

First, Plaintiff is precluded from filing interrogatories with the court under Local Rule 250.2, "unless and until there is a proceeding in which the interrogatories or proof of service is at issue."  L.R. 250.2.  Here, to the extent that Plaintiff seeks to compel responses to his interrogatories, his motion to compel is deficient.  Plaintiff has not submitted Defendants' responses to the interrogatories, or addressed the deficiencies he found in each separate response. Therefore, Plaintiff's request to compel responses from Defendants shall be denied and the interrogatories shall be stricken from the record as improperly filed.

Second, the Court's order issued on March 16, 2022, stayed all merits-based discovery pending resolution of Defendants' motion for summary judgment.  (ECF No. 28.)  Thus, Plaintiff is not permitted to conduct merits-based discovery until the motion for summary judgment is resolved.  Plaintiff may not serve interrogatories on Defendants or seek to compel responses to discovery requests until after the discovery stay is lifted.  While the Court's order allows the parties to conduct discovery related to the issue of Plaintiff's exhaustion of remedies in the motion for summary judgment, in this case Plaintiff has already filed his opposition to the motion for summary judgment, and the motion has been submitted to the Court for resolution.  L.R. 230(*l*).  Plaintiff has not filed a motion under Rule 56(d) showing that he requires additional discovery because he "cannot present facts essential to justify his opposition" to the motion for summary judgment.  Fed. R. Civ. P. 56(d).  Thus, discovery is now stayed until the motion for summary judgment is resolved.

///

## IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's reply to the Answer, filed on March 16, 2022, is disregarded;
2. Plaintiff's motion to strike Defendants' affirmative defenses is denied;
3. Plaintiff's interrogatories submitted to the Court on March 16, 2022 are stricken from the record as improperly filed; and
4. Plaintiff's motion to compel discovery responses, filed on March 16, 2022, is denied.

IT IS SO ORDERED.

Dated: **April 20, 2022**           **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE